LAW OFFICES OF JOSEPH J. IACOPINO
Joseph J. Iacopino, Esq. CNMI Bar No. F0262
100 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401
Tel: (310) 260-4460 – Cel: (310) 701-5675
Email: JJI.LOJJI@aol.com
    In association with
SEMAN LAW OFFICE, LLC
Vincent J. Seman, Esq. CNMI Bar No. F0361
P.O. Box 10001 PMB 168
Saipan, MP 96950
Tel: (670) 323-2115
Email: vjseman@semanlaw.com

Attorneys for Plaintiff
Kan Pacific Saipan, Ltd.

FILED
Clerk
District Court

OCT 19 2021

for the Northern Mariana Islands
By _____
        (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Kan Pacific Saipan, Ltd., <br><br> Plaintiff, <br><br> vs. <br><br> Imperial Pacific International (CNMI), Ltd. and DOES 1-50, <br><br> Defendants. | Case No: **CV 21-00034** <br><br> **COMPLAINT FOR DAMAGES & DEMAND FOR TRIAL BY JURY** |

**COMES NOW** Plaintiff, Kan Pacific Saipan, Ltd., by and through counsel, and alleges as follows:

### GENERAL ALLEGATIONS

1.  The true names and capacities, whether individual, corporate or otherwise, of defendants DOES 1-50 are unknown at this time to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will seek leave of court to, and/or, amend this complaint to assert the true names and capacities once ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants herein designated as a DOE was in some manner responsible and is liable to plaintiff for the injuries, losses and damages hereinafter alleged.

2. Plaintiff is informed and believes, and thereon alleges, that each defendant named herein was the agent and/or employee, and/or ostensible agent and/or employee of his/her/its co-defendants and as such was acting within the course and scope of said agency and/or employment when acting as alleged herein, except when acting as a principal, in which case said defendants were negligent in the selection and hiring and supervision of the other said defendants. The corporate defendants named herein acted through managing agents or approved and/or ratified the wrongful acts of their agents, employees or co-defendants as alleged herein.

## JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2) as this case is between a citizen of a State and a citizen of a foreign state and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

4. Venue in the Northern Mariana Islands District is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claims asserted herein are based occurred in this District and the subject contract and promissory note were executed in the District.

## PARTIES

5. At all relevant times, Plaintiff Kan Pacific Saipan, Ltd. ("KPS") is and was an incorporated business entity duly formed and existing under the laws of the Commonwealth of the Northern Mariana Islands ("CNMI") with its principal place of business on Saipan, CNMI.

6. At all relevant times, Defendant Imperial Pacific International (CNMI), LLC ("IPI") is and was a limited liability company, duly formed and existing under the laws of the CNMI.

7. At all relevant times, Best Sunshine International Limited is and was the sole member of Imperial Pacific International (CNMI), LLC.

8. At all relevant times, Best Sunshine International Limited is and was a British Virgin Islands corporation.

9. At all relevant times, Best Sunshine International Limited is and was incorporated in the British Virgin Islands.

10. At all relevant times, the principal place of business of Best Sunshine International Limited is and was the Hong Kong Special Administrative Region of the People's Republic of China.

11. At all relevant times, Best Sunshine International Limited is and was a citizen of the British Virgin Islands.

12. At all relevant times, Best Sunshine International Limited is and was a citizen of the Hong Kong Special Administrative Region of the People's Republic of China.

13. On November 29, 2019, IPI admitted that this Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(a)(2) in a case where the plaintiff is a citizen of the CNMI. (See *Joshua Gray v. Imperial Pacific International (CNMI), LLC*, Defendant's Answer to Second Amended Complaint and Affirmative Defenses, ECF No. 23 ¶ 2, Case No. 19-00008 (D. N. Mar. I. Nov. 29, 2018)).

14. On November 29, 2019, Imperial Pacific International (CNMI), LLC admitted that its sole member is Best Sunshine International Limited, a British Virgin Islands corporation. (Please see *Joshua Gray v. Imperial Pacific International (CNMI), LLC*, Defendant's Answer to Second Amended Complaint and Affirmative Defenses, ECF No. 23 ¶ 5, Case No. 19-00008 (D. N. Mar. I. Nov. 29, 2018)).

15. At all relevant times, IPI is and was a citizen of the British Virgin Islands for purposes of diversity jurisdiction.

16. At all relevant times, IPI is and was a citizen of the Hong Kong Special Administrative Region of the People's Republic of China for purposes of diversity jurisdiction.

## FACTS

17. This case arises from a breach of a written Agreement that had been entered between KPS and IPI on or about May 9, 2016.

18. Prior to entering into said Agreement, several disputes and potential causes of action developed between plaintiff and IPI which exposed each party to the potential for an adverse judgment, attorney fees, costs, expenditure of time and resources and other adverse consequences.

19. Subsequent to substantial negotiations, the subject written Agreement was entered into between KPS and IPI to incentivize and compensate KPS for the closure of KPS's business operations prior to the termination of its lease agreement, and to resolve such disputes and potential causes of action, avert the potential of such an adverse judgment, avoid the need to incur attorney fees, costs, expenditure of valuable time and resources and other adverse consequences and for other good and valuable consideration.

20. As a material part of the consideration for entering into said Agreement, IPI became contractually and legally bound and obligated to pay to KPS the sum of $5,000,000.00 which was to be satisfied by making 25 annual payments to KPS in the amount of $200,000.00 on June 1 of each calendar year commencing on June 1, 2017. In reliance thereon, KPS refrained from pursuing legal action against IPI and others and otherwise changed its position and circumstances.

21. IPI thereafter made the first three annual payments that were due in June 2017, June 2018 and June 2019.

22. However, IPI failed and refused to tender any portion of the amount that became due and owing on June 1, 2020. KPS thereafter sent to IPI more than 10 days' notice of such

default, and IPI has nevertheless continued to refrain from tendering any portion of such payment or any other amount that has become due and owing thereafter, including the annual payment that became due and owing on June 1, 2021.

23. Said agreement provides in part that, in the event of a breach of said agreement, and/or if any legal action is taken to enforce any provision of said agreement, the prevailing party in any action to enforce any obligation pursuant to said agreement shall be entitled to a recovery of costs and reasonable attorney' fees.

24. Said Agreement provides that interest at the rate of 10% per annum shall accrue as to any amount that is not timely paid by IPI to KPS pursuant to said Agreement.

25. KPS fulfilled all of its obligations set forth in the Agreement.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

26. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1-24 hereinabove as though fully set forth at length at this point.

27. IPI has continuously failed and refused to tender any monetary amount to KPS since its payment of the annual payment that was due and paid in June 2019, and has thereby breached said Agreement. IPI is and remains obligated to pay to plaintiff the June 2020 and June 2021 annual payments, among other things.

28. As a direct legal result of the aforesaid breach of contract by defendants, plaintiff has thus far suffered an economic loss of such payments in the amount of $400,000.00 that is currently owed by defendants to plaintiff pursuant to said Agreement.

29. As a further direct legal result of the aforesaid breach of contract, plaintiff has suffered an economic loss of the value of the use of said sum of money in an amount to be ascertained according to proof.

30. As a further direct legal result of the aforesaid breach of contract, plaintiff is entitled to interest at the rate of 10% per annum.

31. As a further direct legal result of the aforesaid breach of contract, plaintiff is entitled to reasonable attorneys' fees and costs in an amount to be ascertained according to proof

32. As a further direct legal result of the acts and omissions of defendants, and each of them, plaintiff has suffered and will continue to suffer incidental and consequential damages, in an amount to be ascertained according to proof.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. For payment of said such sums of money that defendants are obligated to pay to plaintiff pursuant to said Agreement;

2. For general damages in an amount to be ascertained according to proof;

3. For incidental and consequential damages in an amount to be ascertained according to proof;

4. For the loss of use of said sum of money in an amount to be ascertained according to proof;

5. For costs of suit incurred herein;

6. For pre-judgment interest and interest on the judgment;

7. For attorneys' fees in an amount to be ascertained according to proof; and

8. For such other and further relief as the court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests and demands a trial of the above-captioned action by jury.

DATED: October 18, 2021

LAW OFFICES OF JOSEPH J. IACOPINO

By: _____
JOSEPH J. IACOPINO
Attorneys for Plaintiff