F I L E D
 Clerk
 District Court
MAY 30 2023
for the Northern Mariana Islands
By_____JP_____
        (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KAN PACIFIC SAIPAN, LTD., <br><br> Plaintiff, <br><br> v. <br><br> IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, et al. <br><br> Defendants. | Case No: 1:21-cv-00034 <br><br> DECISION AND ORDER DENYING DEFENDANT'S MOTION TO ALTER JUDGMENT |

## I.   INTRODUCTION

Judgment was entered in this case in favor of Plaintiff Kan Pacific Saipan, Ltd. ("Kan Pacific") against Defendant Imperial Pacific International (CNMI), LLC ("IPI") for $697,801.30 plus post-judgment interest on December 2, 2022. (J., ECF No. 46.) IPI timely filed a motion to alter the judgment pursuant to Rule 59(e), or in the alternative, to correct the judgment pursuant to Rule 60(a) ("Mot.," ECF No. 48). IPI's motion was supported by the declaration of Mr. How Yo Chi (ECF No. 48-1). Three weeks later, Kan Pacific filed its memorandum of points and authorities in opposition to IPI's motion to alter or correct judgment ("Opp'n," ECF No. 51.)[1] To date, IPI has not filed a reply. Having reviewed the filings and the record, and considered the arguments and the law, the Court finds this matter suitable for a decision on the briefs without oral argument pursuant to Local Rule 7.1(a)(2) and now DENIES IPI's motion for the following reasons.

//

/

---

[1] Although Plaintiff filed its opposition one week past the deadline, the Court exercises its discretion pursuant to Local Rule 7.1(c) and considers Plaintiff's opposition, particularly since a hearing will not be held on the motion.

1

## II. PROCEDURAL HISTORY

On October 27, 2021, Plaintiff Kan Pacific filed its first amended complaint ("FAC") asserting a breach of contract claim for IPI's failure to make payments under their Settlement Agreement. (First Am. Compl., ECF No. 2.) IPI filed its answer (ECF No. 4), and the Court thereafter entered a scheduling order after a case management conference was held. (ECF Nos. 9, 10.) IPI subsequently amended its answer to the FAC. (ECF No. 17.) Eight months after entering his appearance for IPI, and a month after amending IPI's answer, IPI's counsel Mr. Joey P. San Nicolas filed a motion to withdraw (ECF No. 27). At a hearing held on August 4, 2022, the Court granted the motion to withdraw but informed IPI, through its two representatives, Mr. Tao Xing and Mr. Howyo Chi, who were present at the hearing, that IPI "cannot be represented by a non-lawyer and scheduling order deadlines would be enforced." (Mins., ECF No. 32.)

About six weeks later, Kan Pacific filed a motion for summary judgment (ECF No. 33). At the time of filing, IPI had yet to retain counsel and thus no opposition was filed. A motion hearing was held during which time IPI had still not retained counsel but was nevertheless present through its representative, Mr. Howyo Chi. (Min., ECF No. 38.) The Court granted in part Kan Pacific's motion for summary judgment (*id.*) but explicitly cited to *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) for the principle that a court could not grant Kan Pacific's motion for summary judgment simply because no opposition was filed. Consistent with this principle, and despite IPI's failure to file an opposition, the Court sua sponte raised several issues in Kan Pacific's motion for summary judgment, such as the justification for prejudgment interest for the 2021 and 2022 annual payments, and the notices of default for the 2021 and 2022 missed payments. (*See id.*) The Court thus ordered Kan Pacific to file supplemental briefing on these and other issues. (*Id.*)

After Kan Pacific provided its supplemental briefing, the Court held a second hearing on the motion for summary judgment (Mins., ECF No. 43) wherein the previously-identified issues were

resolved. At the outset, IPI's representative, Mr. Tao Xing, reported that IPI still had not retained counsel for this matter. (*Id.*) Thereafter, the Court entered an order directing the Clerk of Court to enter judgment in favor of Plaintiff. (Order, ECF No. 44). On December 2, 2022, judgment was entered against IPI for nearly $700,000.00. (J., ECF No. 46.) Four weeks later, James S. Sirok entered a notice of appearance for IPI (ECF No. 47) in this matter and filed the instant motion (ECF No. 48).

### III. LEGAL STANDARDS

#### A. Rule 59(e) – Altering or Amending Judgment

Federal Rule of Civil Procedure 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted). The Court has "considerable discretion" when adjudicating a Rule 59(e) motion. *Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citations omitted). A Rule 59(e) motion may be granted on four different grounds: "the motion is 'necessary to correct manifest errors of law or fact upon which the judgment is based;' 2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.'" *Id.* (emphasis omitted) (citation omitted).

#### B. Rule 60(a) – Relief from Judgment or Order

Pursuant to Federal Rule of Civil Procedure 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." When considering a Rule 60(a) motion, the Ninth Circuit "focuses on what the court *originally intended* to do." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir.1987)). Rule 60(a) cannot be used in "instances where the court *changes its mind*." *Id.* (quoting *Blanton*, 813 F.2d at 1577 n.2). Rather,

Rule 60(a) "allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement." *Id.* at 1298 (quoting *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012)).

## IV.     DISCUSSION

Rule 59(e) dictates that the final day for IPI to file this Rule 59(e) motion was December 30, 2022, which was the very day IPI filed this instant motion. Although IPI waited until the eleventh hour to file its motion, it was still timely such that the Court still considers its merits. Nevertheless, Defendant raises several baseless arguments that the Court rejects for the following reasons.

IPI's argument that the Court mistakenly assumed IPI retained counsel based on IPI's non-opposition to Plaintiff's motion for summary judgment is absurd. (*See* Mot. 3 (suggesting that the Court's Order "implie[d] that [IPI] had a legal counsel available to oppose" the motion for summary judgment). The Order noted that the "motion for summary judgment (ECF No. 33) . . . was not opposed by Defendant[.]" (Order 1, ECF No. 44.)[2] That statement is true – a review of this case's docket sheet clearly reveals the absence of IPI's response to the motion for summary judgment. IPI's counsel's argument that this statement erroneously implies that IPI had legal counsel is absurd. The Court was fully aware that IPI did not have counsel at the time. At both hearings for the motion for summary judgment, the Court noted that IPI had not retained counsel in the matter. At the first hearing, the Court recognized that an attorney's notice of appearance had not been filed on IPI's behalf. At the second hearing, IPI's representative, Mr. Tao Xing, reported that IPI still had not retained counsel for the matter. (Mins., ECF No. 43.) Therefore, there is no evidence that the Court at any time believed IPI had retained counsel.

---

[2] The Court presumes counsel was citing to the Order (ECF No. 44) as this was one of several instances wherein counsel provided quotation marks yet failed to provide a corresponding citation.

4

Additionally, as this Court acknowledged at the first hearing, courts are precluded from granting motions for summary judgment just because they are unopposed, *Henry*, 983 F.2d at 950. The Court's adherence to the law is also reflected in the Minutes (ECF No. 38) wherein the Court only granted the motion for summary judgment in part, and outlined three issues with the remaining claims for the motion for summary judgment. IPI's implicit contention that the Court simply granted Plaintiff's motion for summary judgment based on IPI's non-opposition is baseless. Had IPI's counsel ordered transcripts of the proceedings or even reviewed the minutes, he would have realized the absurdity in his bold-faced accusations. The Court rejects IPI's argument that there was a manifest error of fact based upon the statement that the motion for summary judgment was unopposed.

Second, IPI's attorney contends that the Court erred in granting summary judgment as it should have entered default judgment since IPI lacked representation. (Mot. 3-4 (citing *Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007)).) However, the case IPI relies on is inapposite. There, default judgment was entered against the unrepresented corporation pursuant to that district court's *local rule*, which dictates that "failure to obtain a replacement attorney by the date the withdrawal [of counsel] is effective may result in . . . entry of default against the corporation as to any claims of other parties." *Emp. Painters' Trust*, 480 F.3d at 998 (quoting Local Rules W.D. Wash. LCR 2(f)(4)(B)). This Court does not have a similar local rule. Moreover, district courts regularly enter summary judgment against unrepresented businesses. *See Liang v. Cal-Bay Int'l Inc.*, No. 06cv1082-WMc, 2010 U.S. Dist. LEXIS 155150, at *4-5, 2010 WL 11684762, at *2 (S.D. Cal. Apr. 16, 2010); *SEC v. Neman*, No. CV 12-03142-BRO (PLAx), 2016 U.S. Dist. LEXIS 193639, at *12 n.2, 2016 WL 6661174, at *4 n.2 (C.D. Cal. July 15, 2016); *FTC v. Johnson*, No. 2:10-cv-02203-MMD-GWF, 2017 U.S. Dist. LEXIS 132820, at *22, 2017 WL 3503720, at *2 (D.

Nev. Aug. 16, 2017). As such, it was not error for the Court to enter summary judgment against IPI, which was an unrepresented corporation at the time, and the Court rejects IPI's second argument.

Finally, IPI argues that its motion should be granted to prevent manifest injustice as the Court did not advise IPI of the requirements to oppose Plaintiff's motion for summary judgment. (Mot. 4 (citing *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc)). However, IPI's counsel fails to recognize the contours of *Rand*. In the very first sentence of *Rand*, the Ninth Circuit states that the decision addresses "the 'pro se *prisoner* fair notice' requirement[.]" 154 F.3d at 953 (emphasis added). Two sentences later, the Ninth Circuit reaffirms "that a pro se *prisoner* is entitled to fair notice of the requirements of Rule 56." *Id.* (emphasis added). Furthermore, the Ninth Circuit has explicitly declined to extend this fair notice requirement to all pro se litigants as "it is not for the trial court to inject itself into the adversary process on behalf of one class of litigant." *Jacobsen v. Filler*, 790 F.2d 1362, 1365-66 (9th Cir. 1986). "Imposing an obligation to give notice of Rule 56's evidentiary standards would also invite an undesirable, open-ended participation by the court in the summary judgment process. . . . To give that advice would entail the district court's becoming a player in the adversary process rather than remaining its referee." *Id.* at 1365-66. The Court will not expand the scope of the Ninth Circuit's holdings.

Moreover, IPI is certainly not comparable to a pro se prisoner litigant unfamiliar with the civil legal arena since, as Kan Pacific argues and the undersigned agrees, "IPI is a seasoned civil litigant that has appeared before this [C]ourt in numerous cases" and "one could reasonably argue that litigation involving IPI constitutes the largest . . . percentage thereof by a single entity of the Court's civil calendar." (Opp'n 6.) Part of the Ninth Circuit's rationale for limiting the notice requirement to only pro se prisoner litigants is "that an inmate's choice of self-representation is less than voluntary . . . coupled with the further obstacles placed in a prisoner's path by his incarceration—for example, his limited access to legal materials, . . . and to sources of proof[.]"

6

*Jacobsen*, 790 F.2d at 1364 n.4 (first citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir.1983); and then citing *Hudson v. Hardy*, 412 F.2d 1091, 1095 (D.C.Cir.1968)). Although the Court recognizes that IPI, as a corporation, does not have a choice about representing itself as "[a] corporation may appear in federal court only through licensed counsel[,]" *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201 (1993)), IPI does not have the same limitations of an inmate such as limited access to legal materials and sources of proof. Furthermore, as the Court recognized at the first hearing on the motion for summary judgment, IPI did have counsel for other cases before this Court; thus, it appears that decisions were made as to IPI's lack of representation in the instant case at the time. Additionally, IPI, as the movant, bears the burden to demonstrate anything to the contrary – it failed to recognize the limitations of the notice requirement, let alone the nuances to it. Therefore, IPI has not established that the Court was required to inform IPI of the evidentiary standard for summary judgment, and the omission of such notice did not result in manifest injustice.

## V. CONCLUSION

Movant IPI failed to demonstrate that this Court's order granting summary judgment in favor of Kan Pacific was based on manifest error of law or fact, newly discovered or previously unavailable evidence, manifest injustice, or intervening change in controlling law that would warrant granting its Rule 59(e) motion. Moreover, IPI has not demonstrated that there is a mistake that should be corrected pursuant to Rule 60(a). In reaching this conclusion, the Court addressed each of IPI's arguments that were entirely baseless and contorted the English language, and needlessly wasted judicial resources. IPI's baseless arguments, especially that this Court acted as if IPI was represented by counsel when it ruled on the motion for summary judgment even after it granted IPI's former counsel's motion to withdraw, is clear evidence that IPI's counsel failed to review the record, as well as thoroughly review and research the case law that *he* cited. The fact that Kan Pacific's opposition

brief highlighted these patent errors to IPI and IPI's counsel, yet IPI's counsel fails to acknowledge these errors in a reply brief is very concerning. The Court reminds Mr. Sirok that as an attorney appearing before this Court, he "owes to the judiciary *candor*, diligence and utmost respect." LR – Standards of Professional Conduct (emphasis added). He is also subject to the ABA Rules of Professional Conduct. LR 1.5. Model Rule of Professional Conduct 3.1 provides that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." The Court warns Mr. Sirok that such future violations may result in sanctions.

Based on the foregoing reasons, the Court DENIES Defendant IPI's motion to alter the judgment pursuant to Rule 59(e), or in the alternative, to correct the judgment pursuant to Rule 60(a) (ECF No. 48). The hearing scheduled for May 31, 2023 is hereby VACATED.

IT IS SO ORDERED this 30th day of May, 2023.

_____
RAMONA V. MANGLONA
Chief Judge